**No. 49793.**—Protest 84785–K 12570 of Norman G. Jensen (New Orleans).

Opinion by WALKER, J. The evidence showed that the merchandise was produced by taking sawn cedar lumber and running it through a molding machine, which operates with knives in a manner similar to a planing machine, and that the process is akin to that which produces ceiling material or tonguing and groov-- ing. The sample consists of a strip of wood 4¾ inches wide and ⅝ of an inch thick at its thickest part, having a rabbet ¼ inch deep and 1 inch in width cut on one side, and another ⅜₆ by 1½ inches cut on the same side from the other edge, the inside of this latter rabbet being beveled, and having one edge nosed·

and the other square. It was clear from the record that the merchandise as imported is not dedicated to any particular use or class of uses, but used for a variety of purposes, and that in any case numerous operations, such as sanding, cutting, assembling, etc., must be performed before a finished article is produced from the material. The court was satisfied that the merchandise at bar was produced by an operation which was, in effect, a species of planing. In accordance therewith the claim for free entry and the tax at $1.50 per thousand feet, board measure, was sustained on the authority of *United States* v. *Myers* (5 Ct. Cust. Appls. 541, T. D. 35179).